# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-mj-00126-CWH |
| Plaintiff, | |
| v. | |
| PHILLIP AVION MCGREGGOR, | **ORDER** |
| Defendant. | |

Presently before the Court is Defendant Phillip Avion McGreggor's unopposed motion for a competency evaluation and hearing (ECF No. 33), filed on February 6, 2018. No response has been filed, and Defendant represents that the government does not oppose the motion.

Upon review of the motion and the record in this case, the Court GRANTS Defendant's motion, and makes the following findings and orders:

1. That Defendant's Motion is timely filed under 18 U.S.C. § 4241(a), which provides that a motion to determine competency of a defendant can be raised any time after the commencement of a prosecution.

2. That, pursuant to 18 U.S.C. § 4241(a), reasonable cause exists to order the Defendant, Mr. McGreggor, to undergo a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist. Pursuant to U.S.C. § 4247(b), for purposes of the examination, Mr. McGreggor may be committed to the custody of the United States Attorney General for placement in a suitable facility for a reasonable period, not to exceed thirty days.

3. That pursuant to 18 U.S.C. § 4247(b), an additional fifteen day extension of the examination period may be granted upon a showing of good cause that additional time is necessary to observe and evaluate the defendant.

4. That the designated mental health professional shall prepare a psychiatric or psychological report, to be filed with this Court, with copies to be served upon counsel for the defendant and the attorney for the government. This report shall address the following factors

required by 18 U.S.C. § 4247(c):

    (a) the person's history and present symptoms;

    (b) a description of the psychiatric, psychological, and medical tests that were employed, and their results;

    (c) the examiner's findings; and

    (d) the examiner's opinions as to diagnosis, prognosis, and, as required for examinations ordered under 18 U.S.C. § 4241, a determination of whether Mr. Grace is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Further, the examination must also include an evaluation of Defendant's functional ability to assist his counsel in his defense, pursuant to *Dusky v. United States,* 362 U.S. 402, (1960). *Dusky* holds that a defendant cannot be found mentally competent to stand trial if he suffers from a mental disease or defect which (1) impairs his "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," or (2) leaves him lacking a "rational as well as factual understanding of both the charges against him and the nature of the judicial proceedings."

    5. That counsel for Defendant shall furnish the designated mental health professional with copies of the Defendant's motion for a competency evaluation and hearing (ECF No. 33), the complaint (ECF No. 1), and copies of any discovery to assist in the preparation of the examination and report for the Court.

    6. That counsel for Defendant will submit a status report no later than April 9, 2018.

DATED: February 9, 2018

                                       _____
                                       C.W. Hoffman, Jr.
                                       United States Magistrate Judge